# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**BENNIE G. TRAPP, SR., BENNIE GARRETT TRAPP, JR.**

**VERSUS**

**CHASE HOME FINANCE, LLC, LESALLE BANK, N.A., LEHMAN BROS. STRUCTURED ASSET INVESTMENT LOAN TRUST SAIL 2005-2, BANK OF AMERICA, CORP. AND ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF"S TITLE, OR ANY CLOUD ON PLAINTIFF"S TITLE THERETO AND DOES 1-10, INCLUSIVE**

**CASE NO.: 5:09-cv-01178-DEW-PJW**

**JUDGE DONALD E. WALTER**

---

## MEMORANDUM RULING

Before this Court is a Motion To Dismiss For Failure To State A Claim [Doc. #19] filed on behalf of Defendants, Chase Home Finance and Bank of America, Corp., pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs, Bennie G. Trapp, Sr., and Bennie Garrett Trapp, Jr., oppose this motion. For the reasons assigned herein, defendants' motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**.

## BACKGROUND

Plaintiffs claim an interest in property located at 12860 Perris Bl., Moreno Valley, California ("subject property"). Second Amended Complaint ("SAC") ¶ 1. Bennie G. Trapp, Sr. took out two mortgages on the subject property–one recorded on or about December 24, 2004 and another

recorded on or about January 6, 2006. Defendants' Request for Judicial Notice ("RJN"), Exhibits 2-3.[1] Plaintiffs allege that in February of 2008 some defendants foreclosed on one of the deeds of trust secured by the subject property. SAC ¶ 5. In the process of this foreclosure, defendants allegedly failed to provide requisite notice to the plaintiffs as required by California law. *Id.* Further, plaintiffs claim that while some defendants, principally Chase Home Finance, were foreclosing on subject property other defendants were negotiating with plaintiffs to adjust the mortgages. SAC ¶ 6. Chase purportedly made an offer to refinance prior to foreclosure on the second mortgage in July 2008 and promised to delay the foreclosure for thirty days to consider the refinance offer. *Id.* The second mortgage was also foreclosed in 2008. *Id.*

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of pleadings. *Navarro v. Block* , 250 F.3d 729, 732 (9th Cir. 2001). A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The court must accept all of the

---

[1] The Court grants Defendants' Request for Judicial Notice [Doc. # 20]. "The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because each of the exhibits are public records, the Court may properly take judicial notice of the undisputable facts contained in the documents. *See Hotel Employees & Res. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F.Supp.2d 972, 978 (N.D.Cal. 2005); Fed.R.Evid. 201(b)." *Briosos v. Wells Fargo Bank*, 2010 WL 3341043, at *1, n. 1 (N.D.Cal. Aug. 25, 2010).

plaintiff's allegations as true. *Twombly*, 550 U.S. at 550. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action."   *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## DISCUSSION

Plaintiffs' Second Amended Complaint alleges eight causes of action. Defendants move to dismiss each of these claims for failure to state a claim upon which relief can be granted. Additionally, defendants move to dismiss all claims by Bennie Garrett Trapp, Jr., for lack of standing.

### Plaintiff Bennie Garrett Trapp, Jr.'s Lack of Standing

Under California law, "every action must be prosecuted in the name of the real party in interest." Cal. Civ. Pro. Code § 367. Bennie Garrett Trapp, Jr., transferred his entire interest in the subject property to Bennie G. Trapp, Sr., via an individual grant deed recorded in the official records of Riverside County on June 27, 2003. RJN, Exhibit 1. Further, it is Bennie G. Trapp, Sr., not Bennie Garrett Trapp, Jr., who is named in the two deeds of trust at issue. RJN, Exhibits 2-3. As such, plaintiffs have failed to plead that Bennie Garrett Trapp, Jr., has an interest in the property that would warrant recovery against defendants.[2] Defendants' motion to dismiss is **GRANTED**. Claims 1-5,

---

[2] Bennie Garrett Trapp, Jr.'s claim for Breach of Duties Associated with the Americans with Disabilities Act does not have the standing issues of the other claims because it does not involve any interest in the subject property. The ADA-based claim is discussed in more detail below.

3

7, and 8 of the SAC as they apply to plaintiff Bennie Garrett Trapp, Jr., are **DISMISSED WITH**

**PREJUDICE.**[3]

<u>Plaintiff's First Cause of Action – Quiet Title</u>

Under § 761.020 of the California Code of Civil Procedure, the complaint in a cause of action

to quiet title must be verified and include:

> (a) A description of the property that is the subject of the action. In the case of tangible personal property, the description shall include its usual location. In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.
> (c) The adverse claims to the title of the plaintiff against which a determination is sought.
> (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.
> (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Defendants allege that plaintiff's claim for quiet title is incorrectly verified, does not state his interest

in the property, and does not plead the date as of which determination is sought.

First, verification must be done by a party to the suit. Cal. Civ. Proc. Code § 7.10. Only

Bennie Garrett Trapp, Jr., verified the SAC. Since he lacks standing to bring a quiet title action, his

verification of the complaint is insufficient. Therefore, the SAC fails the verification requirement.

Second, plaintiff fails to assert the title as to which he is seeking determination. Defendants

---

[3] Consequently, all further references to plaintiffs will be in the singular form as the SAC is only applicable for Bennie G. Trapp, Sr.'s claims (cause of action 6 notwithstanding).

are incorrect in arguing that plaintiff does not have standing because he has no interest in the land since Bank of America is owner of the property. To so determine would be to adjudicate the merits of the wrongful foreclosure claim in a motion to dismiss, which would be outside the scope of 12(b)(6) determination. Instead, the omission of the SAC is what type of title plaintiff contends he owns – title to the property subject to a mortgage(s) or title to the property free of a mortgage(s). As a result, the SAC lacks the necessary statement of title as required by Cal. Civ. Proc. Code § 761.020(b).

Third, plaintiff does not allege the date as of which determination is sought as required by Cal. Civ. Proc. Code § 761.020(d).

Furthermore, to bring a quiet title action a plaintiff must allege that it has paid the debt owed on the property. *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."). A plaintiff must plead in his complaint that he has tendered or able to tender the debt due on the property. *Briosos v. Wells Fargo Bank*, 2010 WL 3341043, at *12 (N.D.Cal. August 25, 1010) ("to maintain a quiet title claim, a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage" [internal quotes and citation omitted]); *Kozhayev v. America's Wholesale Lender*, 2010 WL 3036001, at *5 (E.D.Cal. August 2, 2010) ("plaintiff's complaint does not allege that they have tendered, or are able to tender, the debt secured by the subject property. As such, plaintiff cannot state a cognizable claim for quiet title."). That Trapp has not alleged tender of the amount due on his mortgages or an ability to tender that amount provides further justification for dismissing his claim for quiet title.

For these reasons, plaintiff fails to sufficiently plead a claim for quiet title. Defendants' motion to dismiss this claim is **GRANTED**. Plaintiff's cause of action to quiet title is **DISMISSED**

**WITH PREJUDICE**.

<u>Plaintiff's Second Cause of Action – Wrongful Foreclosure</u>

Defendants argue that, as with an action for quiet title, a plaintiff must plead tender or the ability to tender in order to make a claim for wrongful foreclosure. Under the *Karlsen* rule, tender is required for many wrongful foreclosure suits. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (Cal.App. 2d Dist. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D.Cal. July 16, 2009). "Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt." *Montoya v. Countrywide Bank*, 2009 WL 1813973, at *11 (N.D.Cal. June 25, 2009).

Plaintiff, however, contends that the tender rule is not applicable in this case because he alleges the foreclosure was *void*, not *voidable* as the *Karlsen* rule suggests. Plaintiff cites *Dimock v. Emerald Properties*, LLC, 81 Cal.App.4th 868 (Cal.App. 4 Dist. 2000) as holding that "tender is not required when a trustee goes forward with a foreclosure sale without any legal authority to do so." [Doc. # 22 at 20].   *Dimock* concerned a sale where a former trustee may not have had the authority to convey property after a new trustee was named. A similar circumstance exists here regarding trustees' authority to give notice of foreclosure as some notices of foreclosure were recorded before the necessary substitutions of trustee were recorded.

6

"Whether Plaintiffs are required to tender is a matter of discretion left up to the Court." *Storm v. America's Servicing Co.*, 2009 WL 3756629, at *6 (S.D.Cal. November 6, 2009). Further, "tender may not be required where it would be inequitable to do so." *Onofrio v. Rice*, 55 Cal.App. 4th 413, 424 (Cal.App. 4 Dist. 1997). As this case is similar to the facts of *Dimock*, the court finds that the issue of tender is best settled after discovery to determine whether the foreclosure, if defective, was void or voidable and whether tender is required.[4]

Plaintiff nonetheless fails to make a sufficient claim to survive a rule 12(b)(6) motion. Plaintiff repeatedly asserts that defendants engaged in "fraudulent foreclosure." SAC ¶ 13. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). In the Ninth Circuit, "averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). The SAC does not allege with sufficient particularity the who, what, when, where, and why of the purported fraudulent foreclosure by the defendants. As such, it fails to meet the heightened pleading standard required by Rule 9(b). *See Nansyvong Somsanith v. Bank of America, N.A.*, 2009 WL 3756693 (E.D.Cal. November 6, 2009). Therefore, defendants' motion to dismiss is **GRANTED**. Plaintiffs' cause of action for wrongful foreclosure is dismissed **WITH PREJUDICE**.

<u>Plaintiff's Third Cause of Action – Breach of Duty of Good Faith and Fair Dealing</u>

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's

---

[4] This distinction may be moot if Trapp continues his quiet title action, which requires him to plead tender.

7

rights to benefit from the contract." *Kozhayez* at *10 (quoting *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F.Supp.2d 1012, 1021-22 (N.D.Cal. 2009)). Plaintiff fails to plead the existence of a contract between himself and the defendants.[5] Instead, plaintiff alleges that defendants "claim some interest in the property." SAC ¶ 2. Absent a claim of the existence of a contract, Plaintiffs' cause of action for breach of duty of good faith and fair dealing is insufficient. Defendants' motion to dismiss is **GRANTED**. Plaintiff's cause of action for breach of duty of good faith and fair dealing is **DISMISSED WITH PREJUDICE**.

<u>Plaintiff's Fourth Cause of Action – Fraudulent Business Practices</u>

As noted above, fraud must be pled with particularity. Further, under California law "[a] plaintiff alleging unfair business practices under Section 17200 'must state with reasonable particularity the facts supporting statutory elements of the violation.'" *Quintero Family Trust v. OneWest Bank, F.S.B.*, 2010 WL 392312, at *12 (S.D.Cal. Jan. 27, 2010) (quoting *Fortaleza,* 642 F.Supp.2d at 1019). Plaintiff has failed to plead his claims for fraudulent business practices with sufficient particularity. Defendants' motion to dismiss is **GRANTED**. Plaintiff's claim for fraudulent business practices is **DISMISSED WITH PREJUDICE**.

<u>Plaintiff's Fifth Cause of Action – Predatory Lending Practices</u>

Plaintiff's claim for predatory lending practices contains facts sufficient to constitute a claim under FRCP 12(b)(6). As such Defendants' motion to dismiss is **DENIED**.

<u>Plaintiff's Sixth Cause of Action – Breach of Duties Associated with the Americans with Disabilities Act</u>

---

[5] Simply stating "[t]hese actions were a bad faith breach of the contract" is not enough.

8

Plaintiff Bennie Garrett Trapp Jr.'s[6] claim for breach of duties associated with the Americans with Disabilities Act ("ADA") fails to plead facts sufficient to constitute a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's broad, conclusory statements do not give defendants sufficient notice of what claim under the ADA is being made against them.[7] Further, even if these broad statements were sufficient, the ADA does not provide relief for plaintiff in these circumstances. The ADA proscribes disability-based discrimination in employment (42 U.S.C. 12111 *et. seq.*), public services (42 U.S.C. 12131 *et. seq.*), and public accommodation (42 U.S.C. 12181 *et. seq.*). Nothing in plaintiff's complaint would justify relief under these provisions. Therefore, plaintiff has failed to plead facts sufficient to state a claim. Defendants' motion to dismiss this claim is **GRANTED**. Plaintiff's cause of action for breach of duties associated with the Americans with Disabilities Act is **DISMISSED WITH PREJUDICE**.

<u>Plaintiffs' Seventh Cause of Action – Breach of Duties Associated with Sales Effected to Elder</u>

<u>Persons and Persons with Disabilities</u>

Financial elder abuse is defined in subsection 15610.30(a), which provides:

> "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. (2) Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.

Cal. Welf. & Inst.Code § 15610.30(a)(1)-(2). Plaintiff contends that defendants' conduct was

---

[6] The SAC only references Bennie Garrett Trapp, Jr. Any inferred ADA claim by Bennie G. Trapp, Sr. is dismissed with prejudice for failure to state a claim.

[7] The title of the claim shows the vagueness of this claim. A claim would arise under the Americans with Disabilities Act, not merely be associated with it.

fraudulent. Therefore, the claim is grounded in fraud, and plaintiff must plead these claims with the particularity required by Rule 9(b). *See Edelman v. Bank of America Corp.*, 2009 WL 1285858, at *3 (C.D.Cal. April 17, 2009) (citing *Vess v. Ciba-Geigy Corp.*, 317 F.3d at 1103-04). Defendants' motion to dismiss is **GRANTED**. Plaintiff's cause of action for breach of duties associated with sales effected to elder person with disabilities is **DISMISSED WITH PREJUDICE**.

<u>Plaintiff's Eighth Cause of Action – Breach of Contract</u>

"The standard elements of a claim for breach of contract are '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Abdelhamid v. Fire Ins. Exchage*, 182 Cal.App.4th 990, 998 (Cal.App. 3d Dist. 2010). In the SAC, plaintiff sufficiently pleads these four elements: a promise by Chase on which plaintiff detrimentally relied; actual reliance; breach by Chase in foreclosing; and damages.[8] Plaintiff, however, fails to allege any facts against Bank of America. The SAC only references Chase in the allegations contained in ¶ 31. Assuming all facts alleged are true there would be no viable claim against Bank of America. As such, the claim for breach of contract against Bank of America is **DISMISSED WITH PREJUDICE**. However, the claim for breach of contract against Chase remains. Defendants' motion to dismiss is **GRANTED IN PART** (with reference to Bank of America) and **DENIED IN PART** (with reference to Chase).

## **CONCLUSION**

For the reasons assigned above, Defendants' motion to dismiss is **DENIED** for cause of action 8 as applied to defendant Chase and for cause of action 5 as applied to all defendants.

---

[8] Whether the alleged contract is oral or written, which is the crux of defendants' motion to dismiss, is a subject for discovery.

Defendants' motion to dismiss is **GRANTED** for all claims by Bennie Garrett Trapp, Jr., for causes of action 1-4, 6, and 7, and for cause of action 8 as applied to defendant Bank of America.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE